Larry W. LINTHECOME,
Appellant–Plaintiff,

v.

The BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEES' RETIREMENT FUND, an agency of the State of Indiana, and Willis Booker, Appellees–Defendants.

No. 49A05–9107–CV–224.[1]

Court of Appeals of Indiana,
First District.

Dec. 23, 1991.

Publication Ordered Jan. 31, 1992.

W.F. Kennedy, Jr., Kothe Claycombe Kortepeter & McPherson, Indianapolis, for appellant-plaintiff.

James P. Cavanaugh, III, Martin Wade Hartley & Hollingsworth, Linley E. Pearson, Atty. Gen., Wayne E. Uhl, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees-defendants.

ROBERTSON, Judge.

Larry W. Linthecome appeals from the dismissal of his complaint to declare him the proper recipient of his deceased mother's pension benefits. The Board of Trustees of the Public Employees' Retirement Fund filed a motion to dismiss based, in part, on its assertion that the trial court lacked jurisdiction over the subject matter, as it was outside the procedures provided by the Administrative Adjudication Act (AAA). The trial court granted the motion, and Linthecome appeals. We affirm.

Linthecome's mother was a State employee who had accumulated funds in PERF. Linthecome contends he is entitled to receive two types of benefits from her PERF funds: 1) the "death benefit" or "survivor benefit" and 2) the "annuity savings account benefit." He asserts that his mother had a contract with PERF under which he could claim these benefits as a third party beneficiary but that subsequent amendment of the law in this area induced the Board to pay the benefits to his mother's surviving spouse, Willis Booker. Linthecome claims the change in the law constituted an impermissible impairment of the contract.

The Board is an "agency" whose actions are covered by the AAA. Ind.Code 4–21.5–1–3; I.C. 4–21.5–2–3; 35 Indiana Administrative Code 1.2–7–1. Chapter 5 of the AAA establishes the exclusive means for judicial review of an agency action. I.C. 4–21.5–5–1. Linthecome's declaratory judgment action may not be used to obtain judicial review of the Board's application of the statute and thereby circumvent the administrative process. Linthecome's claim that he is entitled to receive the benefit of his mother's PERF funds is a matter for the administrative process. Upon judicial

1. This case was reassigned to this office on November 12, 1991 by direction of the Chief Judge.

review of that process, his constitutional claim may be addressed. I.C. 4–21.5–5–14.

Judgment affirmed.

HOFFMAN, P.J., and SHARPNACK, J., concur.